Dear Mr. O'Bannon:
This opinion is in response to your question asking whether the county court is required to pay funds purportedly budgeted for the salary of a clerk of the associate circuit judge.
Section 483.243, RSMo, which terminates June 30, 1981, provides in part:
 "1. The judge of each division of the circuit court which on January 2, 1979, replaced a magistrate court judgeship shall, except in the city of St. Louis, appoint and fix the salary of the chief division clerk for his division and may appoint and fix the salaries of such other division clerks as may be necessary for the proper dispatch of the business of his division. The total salaries of the chief division clerk and the other division clerks for the division paid by the state shall in no event exceed the annual amount fixed in this subsection 1 for division clerk hire for the division; provided, that in any county where need exists, the county court is hereby authorized at the cost of the county, to provide such additional division clerks as may be required for the division and to provide funds for the payment of salaries or parts of salaries of such division clerks in addition to the amounts payable by the state. The total amount to be paid by the state in any one year for such division clerks of such divisions of the circuit court in the different counties or the city of St. Louis shall not exceed the following sums:
. . . ."
It appears clear from Section 483.243 that although an associate circuit judge has authority to "appoint and fix the salaries of the chief division clerk for his division and may appoint and fix the salaries of other such division clerks as may be necessary for the proper dispatch of the business of his division," such authority is limited to expenditures prescribed in the respective category within which such a county falls. That is, Section 483.243 relates generally to the maximum amounts to be paid by the state in any one year for such division clerks according to the classifications set out, which we have not repeated here. However, the proviso contained in Section 483.243 with respect to additional clerks to be paid at the cost of the county clearly provides that "in any county where need exists, the county court is hereby authorized, at the cost of the county, to provide such additional division clerks as may be required for the division and to provide funds for the payment of salaries or parts of salaries of such division clerks in addition to the amounts payable by the state."
In the circumstances you present, we do not believe that it is necessary to attempt to determine what the Supreme Court of Missouri would hold if a factual need was demonstrated for additional clerks to be paid for by the county. Here apparently no such factual need has been demonstrated. In this respect see State ex rel. Judges, Etc. v. City of St. Louis, 494 S.W.2d 39
(Mo.Banc 1973).
We conclude that the county court is not required to pay such funds for such clerical salary in these premises. We do not speculate as to whether there is actual need or whether such need can be proven.
CONCLUSION
The county court is not required to expend county funds for the salary of a clerk for the associate circuit judge where there is no demonstrated factual need for such additional clerk to be paid at the cost of the county.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General